OPINION
{¶ 1} Defendant-appellant, Gary Lee Lancaster, appeals his sentence from the Butler County Court of Common Pleas for the offense of burglary, a felony of the third degree.
 {¶ 2} Appellant's single assignment of error alleges that his prison sentence is contrary to law and unsupported by the evidence because the trial court failed to consider the purposes and principles of sentencing, the seriousness and recidivism factors, and *Page 2 
guidance by degree of felony.
 {¶ 3} We overrule appellant's assignment of error as the record indicates that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors, noting that breaking into a dwelling is a "serious" offense, that appellant has a history of alcohol and drug use, that he was fired from one job for stealing from his employer, that he had a delinquency record, and a previous criminal trespass conviction as an adult. See R.C. 2929.11, R.C. 2929.12, and R.C. 2929.13(C) (in determining whether to impose prison as a sanction for a third-degree felony, sentencing court shall comply with principles and purposes of sentencing under R.C. 2929.11 and with R.C. 2929.12).
 {¶ 4} The trial court did not state at the hearing that it had considered R.C. 2929.11 or R.C. 2929.12. A statement to that effect would have clarified the issue for appellant. However, the trial court's sentencing entry did indicate that the trial court considered R.C.2929.11, 2929.12, and 2929.13. See State v. Urbina, Defiance App. No. 4-06-21, 2008-Ohio-1013, ¶ 46 (although the trial court was not required to set forth its specific findings and was not required to state that it considered each of the subsections, the record clearly evinces that the trial court considered the requisite factors in imposing the prison term); see State v. Todd, Franklin App. No. No. 06AP-1208,2007-Ohio-4307, ¶ 15-16 (trial court's judgment entry specifically states that the court considered R.C. 2929.11, as well as R.C. 2929.12, and such language in a sentencing entry is sufficient by itself to overcome a defendant's claim that the trial court did not consider the two statutes); see R.C. 2929.12(A) (sentencing court, in addition to considering the factors set forth in the divisions of this statute, may consider any other factors that are relevant to achieving those purposes and principles of sentencing).
 {¶ 5} Appellant failed to show by clear and convincing evidence that the record *Page 3 
does not support his sentence or that the sentence is otherwise contrary to law. See State v. Moore, Butler App. No. CA2007-03-060,2008-Ohio-1477.
 {¶ 6} Judgment affirmed.
 BRESSLER and YOUNG, JJ., concur. *Page 1