[Cite as *State v. Douglas*, 2014-Ohio-317.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 13AP-570 |
| | | (C.P.C. No. 13EP-130) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Justin Douglas, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on January 30, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

*Richard A. Cline & Co., LLC*, and *Richard A. Cline* for appellant.

APPEAL from the Franklin County Court of Common Pleas.

McCORMAC, J.

{¶1} Defendant-appellant, Justin Douglas, appeals from an entry of the Franklin County Court of Common Pleas that withdrew appellant's application for an order sealing the record of conviction. For the following reasons, we sua sponte dismiss his appeal.

{¶2} In 2003, appellant was indicted on two counts of sexual battery, felonies of the third degree. Appellant pleaded guilty to two counts of assault arising out of the same incident, misdemeanors of the first degree. In February 2013, appellant filed an application to seal the record of conviction pursuant to R.C. 2953.32. The State of Ohio,

plaintiff-appellee, objected and, after a hearing, the trial court entered an entry that the application was withdrawn at appellant's request and that the filing fees should be returned to appellant.  Appellant filed a motion to reconsider and vacate the ruling and grant his application to seal the record.  The trial court did not rule on the motion to reconsider.

{¶3}    Appellant filed an appeal from the entry withdrawing his application to seal the record of conviction and raised the following assignment of error:

> The trial court abused its discretion by basing its denial of Mr. Douglas's application for expungement solely on the nature of the offense.

{¶4}    By his assignment of error, appellant contends that the trial court abused its discretion by basing its denial of his application for expungement solely on the nature of the offense.  However, the trial court did not deny his application for expungement but, rather, the trial court dismissed his application.  Both appellant and the state argue that the dismissal is, in effect, a denial of the application.

{¶5}    "The sealing of a criminal record, also known as expungement, *see State v. Pariag*, [137 Ohio St.3d 81, 2013-Ohio-4010], ¶ 11, is an 'act of grace created by the state.' *State v. Hamilton*, 75 Ohio St.3d 636, 639 * * * (1996).  It should be granted only when all requirements for eligibility are met, because it is a 'privilege, not a right.' *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590 * * * ¶ 6." *State v. Boykin*, ____ Ohio St.3d ____, 2013-Ohio-4582, ¶ 11.  " 'It is axiomatic that a court speaks only through its journal entries, and not through mere oral pronouncements.' "  *State v. Huddleston*, 10th Dist. No. 12AP-512, 2013-Ohio-2561, ¶ 7, quoting *In re P.S.*, 10th Dist. No. 07AP-516, 2007-Ohio 6644, ¶ 12.  Here, the trial court entry states the application was withdrawn, not that it was denied.

{¶6}    This entry is similar to a dismissal without prejudice.  An involuntary dismissal without prejudice is typically not a final, appealable order.  *White v. Unknown*, 10th Dist. No. 09AP-1120, 2010-Ohio-3031, ¶ 6.  Generally, "a dismissal 'otherwise than on the merits' does not prevent a party from refiling and, therefore, ordinarily, such a dismissal is not a final, appealable order." *Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, ¶ 8. An application for expungement that is withdrawn constitutes a dismissal "otherwise than

on the merits" and does not prevent refiling.  Thus, appellant can refile his application for expungement.

{¶7}    Since the application for expungement was withdrawn and not denied, we sua sponte dismiss appellant's appeal.

*Appeal dismissed.*


TYACK and DORRIAN, JJ., concur.

McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

_____