[Cite as *State v. Brandenburg*, 2016-Ohio-4918.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS. CA2014-10-201 |
| Plaintiff-Appellee, | : | CA2014-10-202 |
| | : | O P I N I O N |
| - vs - | | O N   R E M A N D |
| | : | 7/11/2016 |
| JONATHAN BRANDENBURG, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case Nos. CR2013-09-1498 and CR2014-05-0848


Michael T. Gmoser, Butler County Prosecuting Attorney, Audra R. Adams, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Charles M. Conliff, P.O. Box 18424, Fairfield, Ohio 45018-0424, for defendant-appellant


**PIPER, P.J.**

{¶ 1}  This matter is before us on a remand from the Ohio Supreme Court in regard to the legal standard for reviewing a sentence recently set forth by the court in *State v. Marcum*, ___ Ohio St.3d ___, 2016-Ohio-1002.

{¶ 2}  The facts remain the same from the initial appeal.  Defendant-appellant, Jonathan Brandenburg, and his co-defendant committed multiple robberies by stealing money from travelers who stopped at rest areas along Interstate 75.  Brandenburg and his

co-defendant would approach travelers and either ask for help in assisting another motorist or ask the travelers to engage in card games for money. Once a motorist left a vehicle to help or gamble, Brandenburg and his co-defendant would surround the victim and steal his or her money. One victim, however, fought back and chased Brandenburg into the rest area facility where he hid in the bathroom. The victim called police, and Brandenburg was arrested.

{¶ 3} Brandenburg was indicted on two counts of robbery and later charged with failure to appear when he did not attend a hearing as ordered. Brandenburg and the state entered into plea negotiations and Brandenburg agreed to plead guilty to one count of robbery and an amended charge of attempted failure to appear. The trial court accepted Brandenburg's pleas after a hearing on the matter. The trial court then ordered a presentence investigation report and scheduled a sentencing hearing.

{¶ 4} The trial court sentenced Brandenburg to three years in prison for the robbery charge and one year for the attempted failure to appear, to be served concurrently. Brandenburg appealed his sentence, and this court affirmed. *State v. Brandenburg*, 12th Dist. Butler No. CA2014-10-201, 2015-Ohio-2573.

{¶ 5} Thereafter, this court certified a cause to the Ohio Supreme Court to settle a conflict among the districts as to the proper standard for reviewing felony sentences. The Ohio Supreme Court then released *State v. Marcum*, ___ Ohio St.3d ___, 2016-Ohio-1002, settling the conflict. In *Marcum*, the court determined that the correct felony sentencing standard was the one this court has been employing since 2013. Nonetheless, the court reversed our decision in Brandenburg's original appeal, and ordered a remand to apply the sentencing review standard set forth in *Marcum*. As such, and according to the remand instructions, we will we apply the *Marcum* standard to Brandenburg's sentencing challenge.

{¶ 6} Brandenburg's original appeal contained the following assignment of error.

- 2 -

**{¶ 7}** THE TRIAL COURT ERRED TO THE APPELLANT'S PREJUDICE BY IMPOSING A PRISON SENTENCE.

**{¶ 8}** According to *Marcum*, and as this court has previously held, the standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences. 2016-Ohio-1002. Pursuant to R.C. 2953.08(G)(2), when hearing an appeal of a trial court's felony sentencing decision, "the appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing." However, as explicitly stated in R.C. 2953.08(G)(2), "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." *Id.* at ¶ 7.

**{¶ 9}** Instead, an appellate court may only take action authorized by R.C. 2953.08(G)(2) if the court "clearly and convincingly finds" that the sentence is contrary to law. A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing as set forth in R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12, and sentences a defendant within the permissible statutory range. *State v. Elliott*, 12th Dist. Clermont No. CA2009-03-020, 2009-Ohio-5926, ¶ 10. Further, and as set forth in *Marcum*, "an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." 2016-Ohio-1002 at ¶ 23.

**{¶ 10}** After reviewing the record and applying the standard set forth in *Marcum*, we once more find that the trial court's sentence is not contrary to law. We begin by noting that at the sentencing hearing, the trial court did not reference R.C. 2929.11 or R.C. 2929.12. However, and while a statement regarding the trial court's consideration of the statutory sentencing factors would have clarified the issue for Brandenburg, the record is obvious that

the trial court made the proper considerations. Throughout the sentencing hearing, the trial court referenced information in the presentence investigation report, and also highlighted various aspects of Brandenburg's extensive criminal history and questioned Brandenburg's recidivism risks. The trial court also discussed facts of the case, specific to Brandenburg victimizing travelers at rest areas. These discussions demonstrate that the trial court properly considered the purposes and principles of sentencing, as well as the seriousness and recidivism factors.

{¶ 11} Moreover, the trial court expressly stated in its entry that it had considered the purposes and principles of sentencing according to R.C. 2929.11 as well as the seriousness and recidivism factors within R.C. 2929.12. *See State v. Ballard,* 12th Dist. Butler No. CA2014-09-197, 2015-Ohio-2084 (affirming a sentence where the trial court failed to cite R.C. 2929.11 or 2929.12 during the sentencing hearing but stated in its judgment entry of conviction that it had considered the principles and purposes of sentencing pursuant to R.C. 2929.11 and balanced the seriousness and recidivism factors pursuant to R.C. 2929.12); and *State v. Lancaster*, 12th Dist. Butler No. CA2007-03-075, 2008-Ohio-1665 (affirming a sentence where the trial court did not state at the sentencing hearing that the court considered R.C. 2929.11 or R.C. 2929.12 specifically, but stated its consideration of both statutes in its judgment entry of conviction). Based on the record, it is clear that the trial court gave the proper consideration to the purposes and principles of sentencing as well as the seriousness and recidivism factors as required by Ohio's sentencing statutes, and we find that the record supports the sentence.

{¶ 12} Brandenburg was convicted of robbery in violation of R.C. 2911.02(A)(3), which is a third-degree felony. According to R.C. 2929.14(A)(3)(b), "for a felony of the third degree * * * the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." As such, Brandenburg's three-year sentence was within the sentencing range for a

- 4 -

third-degree felony. Brandenburg was also convicted of attempted failure to appear in violation of R.C. 2937.29, a fifth-degree felony. According to R.C. 2929.14(A)(5), "for a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months." As such, Brandenburg's one-year sentence was also within the sentencing range for a fifth-degree felony.

{¶ 13} After reviewing the record and applying the sentencing standard set forth in *Marcum*, we find that Brandenburg's sentence was not clearly and convincingly contrary to law where the trial court considered the purposes and principles of sentencing according to R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12, and sentenced Brandenburg within the permissible statutory range. We further find that the record supports the sentence. As such, Brandenburg's assignment of error is overruled and his sentence is again affirmed.

{¶ 14} Judgment affirmed.

RINGLAND and HENDRICKSON, JJ., concur.