[Cite as *State v. Coleman*, 2016-Ohio-7264.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2015-12-099 |
| | : | O P I N I O N |
| - vs - | | 10/11/2016 |
| | : | |
| DONOVAN W. COLEMAN, | : | |
| Defendant-Appellee. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2915CR00479

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellant

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103 and Young Reverman Mazzei Co., LPA, Robert D. Karl, 1014 Vine Street, #2400, Cincinnati, Ohio 45202, for defendant-appellee

**RINGLAND, J.**

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals from a decision of the Clermont County Court of Common Pleas imposing community control on defendant-appellee, Donovan Coleman, after he pled guilty to safecracking, grand theft of a firearm, and burglary. For the reasons detailed below, we reverse and remand for resentencing.

{¶ 2} While on community control, Coleman broke into a home, pried open a safe

with a screwdriver, stole five firearms, and then proceeded to hide the weapons along the banks of the Little Miami River. Coleman subsequently pled guilty to one count of safecracking in violation of R.C. 2911.31(A), a fourth-degree felony, one count of grand theft of a firearm in violation of R.C. 2913.02(A)(1), a third-degree felony, and one count of burglary in violation of R.C. 2911.12(A)(3), also a third-degree felony.

{¶ 3} Pursuant to R.C. 2913.02(B)(4), theft of a firearm carries a presumption of a prison term. However, during Coleman's sentencing hearing, the trial court advised Coleman that he understood there to be an ambiguity in the sentencing statutes and would not be imposing a prison term:

> * * * I will find that recidivism is more likely. So if the legislature had not made a mistake, you would be going to prison today. And we went through this at the time of the plea hearing. They put into law that a presumption in favor of - - the theft of a firearm carries with it a presumption in favor of prison.
>
> They - - this is my take. I think clearly they forgot that in terms of 2929.13(D) which sets forth when a presumption is overridden, they forgot to include that in the statute. And so the findings that the Court would have to make in order to override a presumption are not present with this case because of, I think, a matter of legislative oversight. And that's how close you are to going to prison. Because what - - what the findings would have to have been, I would have to find that recidivism is less likely. I can't do that on these facts.
>
> So if that - - if the law were - - were correctly stated you would be going to prison today. And I tell you that only because you probably need to know how close you are to * * * going to prison.

{¶ 4} Thereafter, the trial court found that Coleman's conduct was neither more or less serious than conduct normally constituting the offenses and that Coleman had a higher risk of recidivism. Based upon its consideration of the purposes and principles of sentencing under R.C. 2929.11 and R.C. 2929.12, the trial court imposed a community control sanction. The state now appeals, raising a single assignment of error for review.

{¶ 5} THE TRIAL COURT CLEARLY AND CONVINCINGLY ERRED AND

- 2 -

SENTENCED APPELLEE CONTRARY TO LAW BY NOT APPLYING A PRESUMPTION FOR PRISON AND THEREBY NOT IMPOSING A PRISON SENTENCE.

{¶ 6} In its sole assignment of error, the state alleges the trial court's sentence on Coleman's conviction for grand theft of a firearm is contrary to law because the trial court failed to apply the presumption in favor of a prison term.

{¶ 7} This court reviews felony sentences pursuant to the standard of review set forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Pursuant to that statute, an appellate court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7. A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing as set forth in R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12, and sentences a defendant within the permissible statutory range. *State v. Brandenburg*, 12th Dist. Butler Nos. CA2014-10-201 and CA2014-10-202, 2016-Ohio-4918, ¶ 9.

{¶ 8} The issue in the present case involves an interplay of the specific crime of grand theft of a firearm and the general sentencing statutes. Pursuant to R.C. 2913.02(B)(4),

> If the property stolen is a firearm or dangerous ordnance, a violation of this section is grand theft. Except as otherwise provided in this division, grand theft when the property stolen is a firearm or dangerous ordnance is a felony of the third degree, and *there is a presumption in favor of the court imposing a prison term for the offense*. * * *

(Emphasis added.) Despite the fact that the statute clearly identifies a presumption of

- 3 -

prison for the offense, neither R.C. 2929.13(D), nor any other provision in the Ohio Revised Code provide a trial court with any guidance or determination of how the presumption of prison time is rebutted for this specific offense.

{¶ 9}   The trial court correctly recognized the issue, noting that a presumption of prison applied, but also understood that none of the statutory provisions applied to provide guidance on how the presumption is overridden.   As a result, the trial court applied R.C. 2929.13(C), the general sentencing statute for third-degree felonies, which provides:

> Except as provided in division (D), (E), (F), or (G) of this section, in determining whether to impose a prison term as a sanction for a felony of the third degree * * * the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code.

The trial court, after reviewing the principles and purposes of sentencing and balancing the seriousness and recidivism factors, concluded that a community control sanction was an appropriate sentence in this case.

{¶ 10}   Based on our review, we find the trial court's sentencing was contrary to law and remand this matter for resentencing, as the trial court did not specify whether it considered the presumption in favor of a prison term.   The Ohio Supreme Court has held that judicial findings must be provided for downward departures, such as when a court refuses to impose a presumptive prison term or when a court grants a judicial release. *State v. Mathis*, 109 Ohio St. 3d 54, 2006-Ohio-855, ¶ 27.

{¶ 11}   There is no dispute in this case that Coleman's conviction for grand theft of a firearm included a presumption of prison.   In addition, we agree with the trial court that the offense is not included in R.C. 2929.13(D), which would otherwise provide guidance on overcoming that presumption.   The trial court, while correctly noting the issue, ultimately decided to apply R.C. 2929.13(C), but did not make any finding that the presumption of

prison term was rebutted. By applying R.C. 2929.13(C), the trial court essentially treated the grand theft of a firearm as any other third-degree felony for which there is no presumption of a prison term.

{¶ 12} While the legislature failed to prescribe any particular factors for consideration in determining whether the presumption had been rebutted, that does not mean that the legislature did not intend the offense to carry a presumption of prison time. The trial court was still required to find that the presumption of prison had been rebutted. Thus, while the trial court was required to find that the presumption had been rebutted, it was not constrained in its sentencing decision by only those factors contained in R.C. 2929.13(D).

{¶ 13} Accordingly, on these facts, we remand this matter for resentencing to determine whether the presumption of prison time for Coleman's conviction for grand theft of a firearm was rebutted. In so doing, we note that the trial court correctly determined that grand theft of a firearm is not included within R.C. 2929.13(D), and therefore the trial court is not required to satisfy those elements in order to rebut the presumption of prison in this case. Nevertheless, considering the relevant factors the trial court deems appropriate, the court must determine whether the presumption of prison has been rebutted.

{¶ 14} Judgment reversed and remanded.

M. POWELL, P.J., and PIPER, J., concur.