[Cite as *State v. James*, 2017-Ohio-419.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-06-042 |
| | : | O P I N I O N |
| - vs - | | 2/6/2017 |
| | : | |
| GARY W. JAMES, JR., | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. CR2015-08-1324


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for defendant-appellant


**RINGLAND, J.**

{¶ 1} Defendant-appellant, Gary James, appeals the decision of the Clermont County Court of Common Pleas, sentencing him to consecutive prison terms. For the reasons detailed below, we affirm.

{¶ 2} On January 7, 2016, appellant was indicted on three counts of rape, in violation of R.C. 2907.02, and one count of kidnapping, in violation of R.C. 2905.01. The kidnapping

charge included a specification that the offense was committed with a sexual motivation.

{¶ 3} The charges arose from allegations that appellant picked up a 12-year-old child from Pickerington, Ohio, and brought her to his residence in Clermont County, where he engaged in sex acts with her. Later, appellant drove the victim to Indiana to purchase a stamp for a letter she was sending to her father. The victim reported that appellant instructed her to send the letter and inform her father that she was "hitchhiking west."

{¶ 4} On May 17, 2016, appellant pled guilty to one count of rape and one count of kidnapping with the sexual motivation specification. Thereafter, the trial court imposed a prison term of ten years to life on the rape charge and 15 years to life on the kidnapping charge. The trial court ordered those sentences to be served consecutive to one another for a total stated prison term of 25 years to life. Appellant appeals the trial court's sentencing decision, raising a single assignment of error for review:

{¶ 5} THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE PRISON TERMS.

{¶ 6} In his sole assignment of error, appellant argues the trial court erred by sentencing him to consecutive prison terms, alleging the record does not support the imposition of consecutive sentences and his sentence is contrary to law. For the reasons detailed below, we affirm.

{¶ 7} This court reviews felony sentences pursuant to the standard of review set forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Pursuant to that statute, an appellate court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7. A sentence is not

clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing as set forth in R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12, and sentences a defendant within the permissible statutory range. *State v. Brandenburg*, 12th Dist. Butler Nos. CA2014-10-201 and CA2014-10-202, 2016-Ohio-4918, ¶ 9.

{¶ 8} Appellant alleges the trial court failed to make the necessary findings in imposing consecutive sentences. Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Dillon,* 12th Dist. Madison No. CA2012-06-012, 2013-Ohio-335, ¶ 9. First, the trial court must find that the consecutive sentence is necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(C)(4). Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id.* Third, the trial court must find that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c)The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 9} "A trial court satisfies the statutory requirement of making the required findings

when the record reflects that the court engaged in the required analysis and selected the appropriate statutory criteria." *State v. Setty*, 12th Dist. Clermont Nos. CA2013-06-049 and CA2013-06-050, 2014-Ohio-2340, ¶ 113. In imposing consecutive sentences, the trial court is not required to provide a word-for-word recitation of the language of the statute or articulate reasons supporting its findings. *Id.* Nevertheless, the record must reflect that the trial court engaged in the required sentencing analysis and made the requisite findings. *Id.* The court's findings must thereafter be incorporated into its sentencing entry. *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 10.

{¶ 10} Here, the record reflects that the trial court made the findings required by R.C. 2929.14(C)(4) when it ordered appellant's sentences be served consecutively. Specifically, the trial court stated:

> THE COURT:  * * *  I know what he says, but this offense – it certainly appears that the Defendant used grooming techniques in terms of his contact with this child. The victim reported that he made her feel special and would say he loved her. Victim reported the Defendant also transported her in Indiana – to Indiana to purchase a stamp for a letter that she was sending to her father. The victim reported that the Defendant instructed her to tell her father that she was hitchhiking west. I think he had every reason to understand that he was dealing with a child, not an – not an adult, not a – a – somebody who looks like they're grown up, but a child. And he groomed her, and took her from Columbus to Cincinnati. And had sexual intercourse with her. * * *
>
> It also appears that there really is no genuine remorse. And I've read everything that Mr. James said to the police, said to the probation department. The probation department doesn't feel that Mr. James has any genuine remorse, and I don't think he has any genuine remorse. The remorse is, I'm here facing 40 [sic] years to life in prison, and I really wish I wasn't here. Well, I understand, but that's not genuine remorse. Genuine remorse is understanding and appreciating that what you did was terrible, and this is going to effect [sic] this child for years, and years, and years; frankly, as long as he is going to be in prison. And accepting responsibility for it, and then feeling bad about it and I don't – there's nothing to indicate that that is Mr. James' attitude about this. I realize he has a relatively short record. A felony

offense in 2004, and basically one misdemeanor offense, and that's it. But the offense that he – it really doesn't lessen the seriousness of the offense, and doesn't frankly lessen the concerns regarding recidivism, frankly. The offense is not more serious or less serious. It is what it is. And my finding is that recidivism is more likely. And in terms of sentencing, the findings will be that consecutive sentences are necessary to protect the public from future crimes, and to punish Mr. James. They're not disproportionate to the seriousness of his conduct, and to the danger that he poses to the public. The multiple offenses were committed as part of one or more courses of conduct. The harm caused by each of the multiple offenses so committed is so great or unusual that no single prison term for any of the offenses committed as part of the courses of conduct adequately reflects the seriousness of his conduct, and his history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by him. And so the sentences will be ordered to be served consecutively.

The trial court later memorialized these findings within its sentencing entry.

{¶ 11} From the trial court's statements at the sentencing hearing and the language used in the sentencing entry, it is clear that the trial court complied with the dictates of R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-317, ¶ 37; *State v. Sess,* 12th Dist. Butler No. CA2015-06-117, 2016-Ohio-5560, ¶ 35-38. It is also clear that the record supports the trial court's findings that the harm caused by appellant's offenses was so great or unusual that no single prison term adequately reflected the seriousness of his conduct and that consecutive sentences were necessary to punish appellant and protect the public.

{¶ 12} Though appellant argues that the victim did not suffer great or unusual harm and consecutive prison terms were not necessary considering his limited criminal history, we find the record belies these assertions. The trial court specifically found that appellant groomed his child victim by making her feel special and telling her that he loved her. The trial court found that appellant's grooming led him to take his victim from Columbus to Cincinnati and engage in sexual intercourse. Appellant then drove the victim to Indiana to purchase a

stamp for a letter to send to her father, even instructing her on how to devise a story that she was hitchhiking west. Throughout the investigation and court proceedings appellant demonstrated no genuine remorse, except for the fact that he was now faced with the prospect of a lengthy prison term.

{¶ 13} As correctly found by the trial court, the victim in the present case is likely to feel the effects of appellant's actions for "years, and years, and years." There is nothing about appellant's conduct that would prompt the court towards leniency. Appellant had complete and total control over the situation and his victim and manipulated the child to satisfy his own sexual desires. We do not find appellant's limited criminal history to be a particularly compelling consideration given the facts of this case. Appellant's actions, by grooming a young child and kidnapping her in order to fulfill his sexual desires, were truly reprehensible. We find the trial court did not err by sentencing appellant to consecutive prison terms.

{¶ 14} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.