[Cite as *State v. Sedgwick*, 2020-Ohio-5125.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-12-093 |
| | : | O P I N I O N |
| - vs - | | 11/2/2020 |
| | : | |
| SAMUEL B. SEDGWICK, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2019CR0531

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for appellant

**RINGLAND, J.**

{¶1}   Appellant, Samuel Sedgwick, appeals the sentence imposed by the Clermont County Court of Common Pleas after he pled guilty to operating a vehicle while under the influence of alcohol or drug of abuse.  For the reasons detailed below, we affirm the trial court's decision.

{¶2}   On May 7, 2019, Sedgwick caused a crash on Interstate 275.  The driver of the other vehicle was injured in the incident, sustaining soft tissue injuries.

{¶3}   When law enforcement approached Sedgwick's vehicle, they found him

slumped over his steering wheel, unresponsive. After shaking Sedgwick awake, law enforcement observed that Sedgwick's eyes were bloodshot and glossy and that his pupils were constricted. Sedgwick admitted to taking suboxone prior to the accident. During field sobriety tests, Sedgwick exhibited six out of eight clues on the walk and turn test and four out of four clues on the one leg stand test. A subsequent urinalysis test revealed that Sedgwick tested positive for norfentanyl, oxazepam, acetyl fentanyl, N-phenethyl-4-piperidinone, and alpha-hydroxyalprazolam.

{¶4} On October 16, 2019, Sedgwick entered a guilty plea to one count of driving under the influence in violation of R.C. 4511.19(A)(1)(a), a fourth-degree felony. At the sentencing hearing, the trial court imposed the maximum prison term of 30 months. Sedgwick now appeals, raising a single assignment of error for review:

{¶5} THE TRIAL COURT'S MAXIMUM 30 MONTH PRISON SENTENCE IS NOT SUPPORTED BY THE RECORD AND CONTRARY TO LAW.

{¶6} In his sole assignment of error, Sedgwick argues the trial court erred by sentencing him to the maximum sentence of 30 months in prison, alleging that the sentence is not supported by the record and is contrary to law. Sedgwick's argument is without merit.

{¶7} This court reviews felony sentences pursuant to the standard of review set forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Pursuant to that statute, an appellate court may modify or vacate a sentence only if the appellate court finds, by clear and convincing evidence, that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7. A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing as set forth in R.C. 2929.11, as

well as the seriousness and recidivism factors listed in R.C. 2929.12 and sentences a defendant within the permissible statutory range. *State v. Brandenburg*, 12th Dist. Butler Nos. CA2014-10-201 and CA2014-10-202, 2016-Ohio-4918, ¶ 9.

{¶8} Sedgwick does not dispute that the trial court sentenced him within the permissible sentencing range. Rather, he argues that the 30-month sentence is excessive, not commensurate with the seriousness of the conduct, and therefore, unsupported by the record.

{¶9} However, following review of the record, we find no error in the trial court's sentencing decision. The trial court properly considered all relevant sentencing factors including, the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12. The trial court's sentencing entry reflects that it made such considerations. Though Sedgwick was remorseful at the sentencing hearing, the trial court's decision to impose the maximum prison term was appropriate to protect the public and punish him for his conduct. As noted by the trial court, the record reflects that Sedgwick has had numerous OVIs and has been provided with ample opportunity to address his circumstances. Nevertheless, he continues to drive impaired. While his prior OVIs apparently did not involve injuries to other drivers, the trial court noted that, in this instance, he had caused injury to another and described the incident as a "game changer." In sum, we find the trial court's sentencing decision is supported by the record. Accordingly, we find Sedgwick's sentence is not clearly and convincingly contrary to law. Sedgwick's sole assignment of error is without merit and overruled.

{¶10} Judgment affirmed.

M. POWELL, P.J., and PIPER, J., concur.