[Cite as *State v. Ahlers*, 2016-Ohio-2890.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2015-06-100 |
| | : | O P I N I O N |
| - vs - | | 5/9/2016 |
| | : | |
| STEPHEN F. AHLERS, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2013-05-0753

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Stephen F. Ahlers, #A686803, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601, defendant-appellant, pro se

**RINGLAND, J.**

{¶ 1} Defendant-appellant, Stephen F. Ahlers, appeals from his sentence in the Butler County Court of Common Pleas for two counts of gross sexual imposition. For the reasons stated below, we affirm Ahlers' sentence.

{¶ 2} In 2013, Ahlers pled guilty to a bill of information that charged him with two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), both third-degree

felonies. The charges stemmed from Ahlers' inappropriate sexual contact with two girls, ages eleven and nine. The trial court sentenced Ahlers to a mandatory aggregate five-year prison term and classified him as a Tier II sex offender. The trial court imposed a mandatory prison term pursuant to R.C. 2907.05(C)(2)(a) because there was evidence, other than the victim's testimony, corroborating the violation. Ahlers appealed his sentence, arguing that the corroborating evidence provision in R.C. 2907.05(C)(2)(a) was unconstitutional. This court affirmed Ahlers' sentence. *State v. Ahlers*, 12th Dist. Butler No. CA2013-07-134, 2014-Ohio-3991.

{¶ 3} Subsequently, the Ohio Supreme Court found that the corroborating evidence provision in R.C. 2907.05(C)(2)(a) violates the due process protections of the Fifth and Fourteenth Amendment to the United States Constitution. *State v. Bevly*, 124 Ohio St.3d 41, 2015-Ohio-475. The Ohio Supreme Court then reversed and remanded Ahlers' case for resentencing pursuant to *Bevly*. *State v. Ahlers*, 142 Ohio St.3d 1409, 2015-Ohio-1099.

{¶ 4} In April 2015, the trial court conducted a de novo resentencing hearing. At the hearing, several individuals addressed the court, including Ahlers, Ahlers' trial counsel, and Ahlers' wife and son. The victims' mother also addressed the court. The trial court then sentenced Ahlers to a prison term of 36 months for the first count and 24 months for the second count. The court ordered the sentences to be served consecutively, for an aggregate prison term of 60 months. The court also classified Ahlers as a Tier II sex offender.

{¶ 5} Ahlers now appeals, raising a sole assignment of error:

{¶ 6} THE CONSECUTIVE SENTENCE FINDINGS ARE NOT CLEARLY AND CONVINCINGLY SUPPORTED BY THE RECORD, AND THE SENTENCE VIOLATES THE PURPOSES OF FELONY SENTENCING UNDER OHIO LAW.

{¶ 7} Ahlers argues the trial court erred in imposing consecutive sentences at resentencing. He argues the record does not support the trial court's findings that

consecutive sentences were necessary to protect the public and punish him.

**{¶ 8}** We review the imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, ¶ 1; *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. "When considering an appeal of a trial court's felony sentencing decision under R.C. 2953.08(G)(2), '[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.'" *Crawford* at ¶ 7, quoting R.C. 2953.08(G)(2). *See also Marcum* at ¶ 1, 9. An appellate court "may not apply the abuse-of-discretion standard in sentencing-term challenges." *Id.* at ¶ 10. Rather, R.C. 2953.08(G)(2) compels an appellate court to modify or vacate a sentence only if the court finds by clear and convincing evidence that (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;" or (2) "[t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a)-(b). *Marcum* at ¶ 22-23. An appellate court will not find a sentence clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range. *State v. Moore*, 12th Dist. Clermont No. CA2014-02-016, 2014-Ohio-5191, ¶ 6; *State v. Setty*, 12th Dist. Clermont Nos. CA2013-06-049 and CA2013-06-050, 2014-Ohio-2340, ¶ 107.

**{¶ 9}** Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Dillon*, 12th Dist. Madison No. CA2012-06-012, 2013-Ohio-335, ¶ 9; *see also State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus. First, the trial court must find that the consecutive

sentence is necessary to protect the public from future crime or to punish the offender.  R.C. 2929.14(C)(4).  Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.  *Id.*  Third, the trial court must find that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 10} "A trial court satisfies the statutory requirement of making the required findings when the record reflects that the court engaged in the required analysis and selected the appropriate statutory criteria."  *Setty* at ¶ 113.  In imposing consecutive sentences, the trial court is not required to provide a word-for-word recitation of the language of the statute or articulate reasons supporting its findings.  *Id.*  Nevertheless, the record must reflect that the trial court engaged in the required sentencing analysis and made the requisite findings.  *Id.*  The court's findings must thereafter be incorporated into its sentencing entry.  *Id.*

{¶ 11} Here, the record reflects that the trial court made the findings required by R.C. 2929.14(C)(4) when it ordered Ahlers' sentences be served consecutively.  Specifically, the trial court stated:

> You know these cases are horrible on every front.  They're horrible for, obviously, the victims' family because those two

little girls had to endure what they are enduring, continuing on, because of your behavior.

* * *

You've been the benefit of wonderful counsel and yet, your wife is accurate. There are two components to sentencing, but no one has said they have to be equally balanced. I think punishment in these cases is a big part of what this court has to do because it sends a message to you. It sends a message to the community, but more importantly, it sends a message to those victims that they are not to blame for this.

* * *

Is this the worse [sic] form of the offense? I don't know. There was no physical violence perpetrated on the girls in order to get them to succumb to this. I guess that's a positive from their perspective, but still they were—they were a victim of violence in my—in my opinion.

* * *

I find that consecutive sentences are necessary to punish you and also to protect the public from future crime and I know although that the risks are low, according to what your counsel's indicated and I have no reason to doubt what he is saying. I know how the prison system works. I still find there is a risk, but more importantly, I think consecutive sentences are necessary to punish the offender.

I do not believe that they are disproportionate to the seriousness of your conduct and to the danger that you pose to the public when you are released. You have 25 years you got to register; every 180 days. Therefore, that tells me that there is a – there is a risk.

And I also find at least two of the multiple offenses are part of one or more course of conduct and the harm caused by two or more of the multiple offenses are so great and unusual that no single prison term can adequately reflect the seriousness of your conduct as evidenced [by the victims' mother] indicating that they're—the two victims are still struggling; going through counseling; suicide attempts; self-harming. Obviously that is lingering and that is a huge factor with this court is the – the pain that these girls are still suffering.

The trial court later memorialized these findings within its sentencing entry.

{¶ 12} From the trial court's statements at the sentencing hearing and the language utilized in the sentencing entry, it is clear that the trial court complied with the dictates of R.C. 2929.14(C)(4). *See Bonnell*, 2014-Ohio-3177 at ¶ 37; *Crawford*, 2013-Ohio-3315 at ¶ 17. It is also clear that the record supports the trial court's findings that the harm caused by Ahlers' offenses was so great or unusual that no single prison term adequately reflected the seriousness of his conduct and that consecutive sentences were necessary to punish Ahlers and protect the public. Though Ahlers argues that consecutive sentences are improper because he is remorseful, has taken responsibility for his actions, and has no criminal record, the record demonstrates Ahlers' conduct continues to negatively impact the lives of the two victims. At the sentencing hearing, the victims' mother informed the court that the victims continue to struggle as a result of Ahlers' actions and both girls suffer from post-traumatic stress syndrome, have attempted suicide, and engage in self-harming behaviors. Consequently, the trial court did not err in imposing consecutive sentences as the court made the required findings under R.C. 2929.14(C)(4) and the record supports the trial court's findings.

{¶ 13} Further, Ahlers' sentence was not otherwise clearly and convincingly contrary to law. Ahlers' sentence of 36 months and 24 months for the two counts was within the statutory range for third-degree felonies. *See* R.C. 2929.14(A)(3)(a). The trial court also properly imposed postrelease control. *See* R.C. 2967.28(B)(1). Additionally, the judgment entry of conviction stated that the trial court had considered the principles and purposes of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors as found in R.C. 2929.12. Lastly, Ahlers' argument that his sentence was in error because the state failed to designate a specific victim in either count is waived as he did not assert this argument in the trial court or in his previous appeal. *See State v. Vaughn*, 12th Dist. Fayette No. CA2014-05-012, 2015-Ohio-828, ¶ 9 ("issues not raised in the trial court may not be raised for the first

time on appeal because such issues are deemed waived").

{¶ 14} Accordingly, for the reasons set forth above, Ahlers' sentence was not clearly and convincingly contrary to law.  Ahlers' sole assignment of error is overruled.

{¶ 15} Judgment affirmed.


PIPER, P.J., and S. POWELL, J., concur.