[Cite as *State v. Julious*, 2016-Ohio-4822.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2015-12-224 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>7/5/2016 |
| - vs - | : | |
| | : | |
| SHAWN D. JULIOUS, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR15-09-1420

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Christopher P. Frederick, 304 North Second Street, Hamilton, Ohio 45011, for defendant-appellant

**S. POWELL, J.**

{¶ 1} Defendant-appellant, Shawn D. Julious, appeals from the sentence he received in the Butler County Court of Common Pleas after he pled guilty to one count of felonious assault. For the reasons outlined below, we affirm.

{¶ 2} On October 14, 2015, the Butler County Grand Jury returned an indictment charging Julious with one count of felonious assault in violation of R.C. 2903.11(A)(1), a

second-degree felony. According to the bill of particulars, the charge stemmed from allegations that during the early morning hours of September 10, 2015, Julious knowingly caused serious physical harm to the victim "by slamming her head into a pallet of upright standing shock absorbers resulting in a fracture of her nose and severe laceration to her forehead" while working at ThyssenKrup North America, Inc., in Hamilton, Ohio. Julious subsequently pled guilty and the matter was scheduled for a sentencing hearing on December 14, 2015.

{¶ 3} Prior to the sentencing hearing, the state submitted a sentencing memorandum that noted Julious' conduct had caused the victim to suffer a significant injury that resulted in severe pain and "a permanent disfiguring scar extending vertically from her hairline to the bridge of her nose." The state also noted that Julious' attack was completely unprovoked. According to the state, "[a]pparently [Julious] believed that the victim and a co-worker, both Filipinos, were talking about him in their native language, Tag[a]log. [Julious] became irate and grabbed the victim by her hair and slammed her head into a pallet of upright standing shock absorbers." The state further noted that Julious had a lengthy criminal history in Ohio that consisted of convictions for domestic violence and carrying a concealed weapon, as well as several convictions in Georgia for possession of a controlled substance and pointing or aiming a gun at another.

{¶ 4} At the sentencing hearing, Julious' trial counsel informed the trial court that Julious was remorseful for his actions and noted that Julious had taken responsibility for his conduct by pleading guilty. Julious' trial counsel also notified the court that Julious suffered from untreated substance abuse and mental health issues. Nevertheless, after considering this evidence, the trial court sentenced Julious to the maximum eight-year prison term for a second-degree felony in accordance with R.C. 2929.14(A)(2). In so holding, the trial court noted Julious' lengthy criminal history and found Julious "has [a] propensity to commit

offenses" that "pose[] a danger to the public." The trial court later incorporated these findings within its sentencing entry and specifically stated that it had considered "the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and ha[d] balanced the seriousness and recidivism factors of Ohio Revised Code Section 2929.12[.]" The trial court also properly notified Julious that he would be subject to a mandatory three-year postrelease control term.

{¶ 5} Julious now appeals from the trial court's decision, raising the following single assignment of error for review.

{¶ 6} THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. JULIOUS WHEN IT SENTENCED HIM TO A TERM OF EIGHT YEARS IN THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS.

{¶ 7} In his single assignment of error, Julious argues the trial court erred by sentencing him to the maximum term of eight years in prison. We disagree.

{¶ 8} As with all felony sentences, we review this sentence under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, ¶ 10. Rather, R.C. 2953.08(G)(2) compels an appellate court to modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1. A sentence is not clearly and convincingly contrary to law where trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

- 3 -

{¶ 9} Moreover, even in those cases where the sentence imposed does not require any of the statutory findings specifically addressed within R.C. 2953.08(G)(2), an appellate court will nevertheless review those sentences "under a standard that is equally deferential to the sentencing court." *Marcum* at ¶ 23. "That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.* Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, Slip Opinion No. 2016-Ohio-2970, ¶ 1, citing *Id.* at ¶ 7.

{¶ 10} In this case, Julious claims the trial court's decision to sentence him to the maximum term of eight years in prison was improper and indicates the trial court did not give the necessary consideration to the overriding principles and purposes of felony sentencing under R.C. 2929.11, nor to the statutory factors of felony sentencing as listed in R.C. 2929.12. Julious also argues the record does not support the trial court's sentencing decision given the fact that his conduct was merely a "one-time push of the victim's head" that did not cause her life threatening injuries. Julious further claims the trial court's sentencing decision was improper since he appeared remorseful, took responsibility for his actions by pleading guilty, and suffers from untreated substance abuse and mental health issues.

{¶ 11} After a thorough review of the record, we find no error in the trial court's decision to sentence Julious to the maximum eight-year prison term. As the record plainly reveals, Julious' sentence is not clearly and convincingly contrary to law because the trial court properly considered the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, imposed the required mandatory three-year postrelease control term, and sentenced Julious within the permissible statutory range for a second-degree felony in

accordance with R.C. 2929.14(A)(2). The fact that the trial court did not expressly cite to R.C. 2929.11 and 2929.12 during the sentencing hearing is immaterial, considering it specifically cited to both statutes within its sentencing entry. *State v. Peck*, 12th Dist. Butler No. CA2015-06-123, 2016-Ohio-1578, ¶ 9. The trial court's sentencing entry also explicitly stated that it had considered "the record, the charges, the defendant's Guilty Plea, and findings as set forth on the record and herein, oral statements, any victim impact statement and pre-sentence report[.]"

{¶ 12} The record also supports the trial court's sentencing decision, as it is clear that Julious committed a vicious and unprovoked attack on a female co-worker that caused her to suffer significant permanent injuries to her face. This senseless act indicates Julious is not amenable to community control sanctions since he clearly cannot control his violent tendencies and aggressions. *State v. Jones*, 12th Dist. Fayette No. CA2015-05-012, 2016-Ohio-2777, ¶ 37. Furthermore, just as the trial court found, Julious has a lengthy criminal history in both Ohio and Georgia that includes convictions for domestic violence and carrying a concealed weapon. This indicates Julious has a propensity for violent criminal activity that creates a significant and continued danger to the public. Therefore, because we find Julious' sentence is not clearly and convincingly contrary to law, and because the record fully supports the trial court's sentencing decision, Julious' single assignment of error is without merit and overruled.

{¶ 13} Judgment affirmed.

PIPER, P.J., and RINGLAND, J., concur.

- 5 -