[Cite as *State v. Chavez*, 2016-Ohio-8450.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2015-11-195 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 12/28/2016 |
| - vs - | | |
| | : | |
| IVAN CHAVEZ, | : | |
| | | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2015-07-1124


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Brandabur & Bowling Co., L.P.A., Jeffrey W. Bowling, 315 South Monument Avenue, Hamilton, Ohio 45011, for defendant-appellant


**M. POWELL, P.J.**

{¶ 1} Defendant-appellant, Ivan Chavez, appeals a decision of the Butler County Court of Common Pleas sentencing him to five years in prison for robbery.

{¶ 2} Appellant was indicted in July 2015 on one count of aggravated robbery, a first-degree felony. The charge stemmed from allegations that appellant robbed two persons at gunpoint, taking money, a flashlight, and cigarettes. On September 9, 2015, appellant

entered a guilty plea to a reduced charge of robbery in violation of R.C. 2911.02(A)(1), a second-degree felony. At the outset of the plea hearing, defense counsel informed the trial court that appellant was not a United States citizen. Consequently, in compliance with R.C. 2943.031, the trial court advised appellant of the potential immigration consequences of entering a guilty plea. The trial court also advised appellant that the maximum prison term for the offense was eight years, and that a prison term for the offense was not mandatory but presumed necessary.

{¶ 3} Following a statement of the facts by the state, the trial court then told appellant, "And we're going to come back on October 14th [for sentencing]. At that point in time, I am telling you now, I'm going to send you to prison. It's just a matter of how long. So I'm not going to review the community control sanctions with you[.]" Subsequently, following a Crim.R. 11 colloquy, appellant pled guilty to robbery. The trial court accepted the plea, found appellant guilty, and ordered a presentence investigation report ("PSI").

{¶ 4} At the close of the hearing, after the trial court set a date for the sentencing hearing, defense counsel inquired as follows:

> Judge, you indicated you would not consider community control. On the plea form it indicated that there was a presumption in favor of prison. And I think under that circumstance, I should ask him whether he still wants to go forward with the plea knowing that you'll give a prison sentence.

The trial court replied,

> Okay. And the reason why is there's a presumption, one. And two, since he's not here legally. I feel you have to be here legally in order to be afforded – how can I put someone illegally back out into the public. And that's why I said what I said. Now, I don't know what the sentence will be but.

Defense counsel informed the trial court he was not questioning the court's decision. Thereafter, the plea hearing concluded.

{¶ 5} A PSI was prepared for the trial court's consideration at sentencing. The PSI

disclosed that appellant had 48 juvenile court adjudications between July 2012 and October 2014, including three felonies and seven probation violations or violations of court order. The PSI further disclosed that appellant had an adult misdemeanor assault conviction in June 2015. With regard to appellant's instant robbery conviction, the PSI described the offense as one where appellant robbed two individuals at gunpoint at the instigation of his companions in order to obtain money for alcohol and drugs. Finally, the PSI detailed the many rehabilitative interventions and punitive measures ordered as a consequence of the various juvenile adjudications and criminal conviction.

{¶ 6} On October 14, 2015, at the outset of the sentencing hearing, the trial court advised the parties it had reviewed the PSI and was "willing to listen to any mitigation." In mitigation, defense counsel told the trial court that appellant was 19 years old, was remorseful and apologized for his crime, and had a "short" adult criminal record but a "rather lengthy juvenile record [with] what appeared to be two prior felonies." Defense counsel further stated, "As the Court's aware, he's undocumented alien. However, he's lived in Hamilton since age 3." Defense counsel then acknowledged the trial court's prior advisement it was not considering community control as a sentence, indicated that neither he nor appellant were disputing the trial court's decision and its reasons, but nonetheless asked the trial court to consider community control sanctions or "a low-end sentence." Appellant offered a brief statement in allocution, in which he apologized to the trial court and the victims and accepted full responsibility for his actions.

{¶ 7} The trial court indicated its review of the PSI and the victims' impact statement. Addressing appellant, the trial court then stated,

> Well, you don't have much of a criminal record as an adult. Of course, you're only 19 years old so you haven't had time to acquire one. But you've got 48 priors as a juvenile. You wore the juvenile system out. And again, the fear that you put into these people because of you and your buddy's stupid action is

- 3 -

just. They weren't bothering anybody. So, you're smoking marijuana, drinking alcohol and you think let's go rob some people; that'll be fun. It makes no sense.

The trial court then sentenced appellant to five years in prison.

{¶ 8} Appellant now appeals, raising one assignment of error:

{¶ 9} THE COURT VIOLATED MR. CHAVEZ' RIGHT TO DUE PROCESS AND EQUAL PROTECTION UNDER STATE AND FEDERAL LAW WHEN IT REFUSED TO CONSIDER MITIGATION AGAINST A PRESUMPTION OF PRISON BASED UPON MR. CHAVEZ' NATIONALITY.

### I. Appellant's Claims.

{¶ 10} Appellant argues the trial court violated his constitutional rights to due process and equal protection when it sentenced him to prison and not community control because the trial court refused to follow the statutory sentencing guidelines and instead impermissibly based its decision to impose a prison term solely on his immigration status and lack of United States citizenship. In support of his argument, appellant cites the trial court's comment at the plea hearing that appellant was "not here legally," as well as R.C. 2929.11(C), 2929.13(A), and 2929.13(D).

### II. Second-Degree Felony Sentencing.

{¶ 11} Appellant was convicted of robbery in violation of R.C. 2911.02(A)(1), a felony of the second degree, which is punishable by a prison term of two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2). R.C. 2929.13(D)(1) provides that for a second-degree felony, "it is presumed that a prison term is necessary to comply with the purposes and principles of sentencing under [R.C.] 2929.11." Nonetheless, pursuant to R.C. 2929.13(D)(2), a trial court may impose a community control sanction for a second-degree felony if it determines that a community control sanction would (1) adequately punish the offender and protect the public from future crime, and (2) not demean the seriousness of the

offense, based upon findings there is a lesser likelihood of recidivism and the offender's conduct was less serious than conduct normally constituting the offense pursuant to the recidivism and seriousness factors set forth in R.C. 2929.12. R.C. 2929.13(A) further provides that if an offender is eligible to be sentenced to community control sanctions, the trial court must consider the appropriateness of imposing a financial sanction or a community service sanction as the sole sanction for the offense.

### III. Felony Sentencing Standard of Review.

{¶ 12} We review the imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *Marcum* at ¶ 10. Rather, R.C. 2953.08(G)(2) compels an appellate court to modify or vacate a sentence only if after reviewing the record, including the findings underlying the sentence, the appellate court finds by clear and convincing evidence that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8.

{¶ 13} Moreover, even in those cases where a sentence is imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12, that is, where the sentence imposed does not require any of the statutory findings specifically addressed within R.C. 2953.08(G)(2), an appellate court will nevertheless review those sentences "under a standard that is equally deferential to the sentencing court." *Marcum* at ¶ 23; *Julious* at ¶ 9. "That is,

an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum* at ¶ 23. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1, citing *Marcum* at ¶ 7.

{¶ 14} After thoroughly reviewing the record, we find no error in the trial court's decision to sentence appellant to five years in prison for his offense, and not to community control. The record plainly reveals that appellant's sentence is not clearly and convincingly contrary to law because the trial court properly considered the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, imposed the required mandatory three-year postrelease control term, and sentenced appellant within the permissible statutory range for a second-degree felony in accordance with R.C. 2929.14(A)(2). In its sentencing entry, the trial court specifically stated it considered the principles and purposes of sentencing and weighed the recidivism and seriousness factors before imposing appellant's prison sentence.

{¶ 15} The record further supports the trial court's sentencing decision. R.C. 2953.08(G)(2)(a) provides that an appellate court may reverse a felony sentence if the record does not support the trial court's findings under R.C. 2929.13(D). In the case at bar, the only relevant findings would be the findings a trial court is required to make under R.C. 2929.13(D)(2) in concluding that the presumption for a prison term is rebutted and that a community control sanction does not demean the seriousness of the offense and adequately punishes the offender. However, R.C. 2929.13(D)(2) does not require a sentencing court to make findings of any sort where, as here, the court sentences the offender to a prison term in accordance with the presumption set forth in R.C. 2929.13(D)(1).

{¶ 16} Here, although appellant expressed remorse, apologized, and accepted responsibility for his actions, the record supports the trial court's determination that sentencing appellant to prison and not to community control was commensurate with the seriousness of appellant's conduct, necessary to punish appellant, and necessary to protect the public from future crime by appellant. The record shows, and the trial court noted, appellant's extensive juvenile criminal record, his "short" criminal record as an adult likely a consequence of his youth, the senseless nature of the crime, and the harm suffered by the victims. The sentencing entry further indicates the trial court considered whether community control was appropriate under R.C. 2929.13 and found that appellant was not amenable to community control.

{¶ 17} We do not condone the trial court's unfortunate statement at the plea hearing that appellant would be sentenced to a prison term and the implication the court would not consider a community control sanction, notwithstanding that a prison term was presumptive, but not necessary. However, the record reflects that the trial court did consider whether community control was appropriate as the sentencing entry reflects a finding that appellant was not amenable to community control. The record supports this finding based upon appellant's extensive and continuous record of unlawful behavior beginning in July 2012 and continuing to the time of the instant offense; his obvious failure to respond positively to the multiple rehabilitative interventions and punitive sanctions previously ordered; and his repeated unsuccessful compliance with previous court orders and probationary sanctions. Thus, the record not only supports the trial court's determination that community control was not appropriate, it also supports the mid-range five-year prison term imposed by the trial court. Pursuant to the extremely deferential clear and convincing evidence standard of R.C. 2953.08(G), we do not find the sentence contrary to law or unsupported by the record.

### IV. Immigration Status as a Sentencing Consideration.

{¶ 18} Unless, as appellant suggests, the trial court's consideration of his immigration status or citizenship tainted the sentencing decision, the sentence should be affirmed.

{¶ 19} Appellant first argues that the trial court's consideration of his citizenship or immigration status violates R.C. 2929.11(C), which provides, "A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender."

{¶ 20} There is no indication in the record that the trial court considered appellant's citizenship as a sentencing factor. The only mention of appellant's citizenship occurred when defense counsel advised the trial court at the outset of the plea hearing that appellant was not a United States citizen and when consequently, the trial court provided appellant with the R.C. 2943.031 advisement. During the plea hearing, the trial court briefly indicated its intention to impose a prison sentence because of the presumption for a prison term and because appellant was "not here legally."

{¶ 21} Appellant equates immigration status with citizenship, but the two are clearly distinct. The United States Supreme Court recognizes this distinction. *See United States Railroad Retirement Bd. v. Fritz*, 449 U.S. 166, 101 S.Ct. 453 (1980) (race and national origin are suspect classifications for equal protection analysis); *Plyler v. Doe*, 457 U.S. 202, 102 S.Ct. 2382 (1982) (undocumented aliens are not a suspect classification). *See also United States v. Gomez*, 797 F.2d 417, 419 (7th Cir.1986) ("That constitutional respect for all persons within the territorial jurisdiction is without regard to any differences of race, of color, or of nationality. That does not mean, however, that the court for sentencing purposes after the defendant has entered a plea of guilty to a drug violation may not properly take note of the defendant's illegal alien status from a country with a known reputation for illegal drug activity").

{¶ 22} This same distinction applies to the proscription of R.C. 2929.11(C) which bars a trial court from considering race and ethnic background when sentencing an offender. A person's race and ethnic background is entirely separate from the person's immigration status. *But see State v. Vaughn Hardware*, 8th Dist. Cuyahoga No. 93639, 2010-Ohio-4346 (finding that trial court's comments made at sentencing in relation to the offender's immigration status were improper under R.C. 2929.11[C] and consequently remanding for a de novo sentencing hearing).

{¶ 23} As noted above, the United States Supreme Court has recognized that immigration status is not a suspect classification. *Plyler*, 102 S.Ct. at 2398. Therefore, a rational relationship analysis applies in determining whether the trial court's consideration of appellant's immigration status violated his right to substantive due process or equal protection:

> [A] classification neither involving fundamental rights nor proceeding along suspect lines is accorded a strong presumption of validity. Such a classification cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose.

(Citations omitted.) *Heller v. Doe*, 509 U.S. 312, 319-320, 113 S.Ct. 2637 (1993).

{¶ 24} The state cites *Trujillo v. State*, 304 Ga.App. 849, 698 S.E.2d 350 (2010), for the proposition that a trial court may properly consider a criminal defendant's status as an illegal alien in formulating an appropriate sentence. In that case, the trial judge cited an illegal alien's inability to be legally employed, his consequent lack of income to satisfy financial sanctions, and idle time as the reasons he considered Trujillo's immigration status at sentencing. These reasons disclose the rational relationship between an offender's immigration status and a sentencing decision. Additionally, an undocumented alien, by his illegal presence in the United States, shows a disrespect for the law, which itself is rationally

related to sentencing. In the case at bar, while the trial court did not articulate the issue as clearly as the trial judge did in *Trujillo* ("how can I put someone illegally back out into the public"), it is apparent that the court was referring to the practicalities of placing an undocumented alien on community control. Furthermore, the trial court's sentencing decision was not solely based upon appellant's immigration status, but also upon his extensive criminal record, the senseless nature of the crime, and the harm suffered by the victims. In fact, the trial court never mentioned appellant's immigration status during the sentencing hearing.

{¶ 25} In this regard the United States Court of Appeals for the Seventh Circuit has held,

> Nor need the sentencing judge shut his eyes to the reality of the factual situation before him and pretend that the defendant is not an illegal alien from Colombia who has pleaded guilty to a drug violation. There can be no dispute but that the sentencing judge has wide discretion in considering all reliable and pertinent information which might reasonably bear on the sentencing decision.

*Gomez*, 797 F.2d at 419.

{¶ 26} In *Trujillo*, the Georgia court of appeals addressed whether the trial judge violated Trujillo's constitutional rights to due process and equal protection by considering his illegal alien status in denying him probation and sentencing him to prison. In its analysis, the court of appeals noted the trial judge's concerns that because of his illegal alien status, Trujillo could not legally be employed, a standard term of probation, and thus would have no income to pay a fine and would have idle time. The court of appeals upheld Trujillo's prison sentence, finding

> the trial court did not violate Trujillo's constitutional rights by considering his illegal alien status a relevant factor in formulating an appropriate sentence. Indeed, the trial court would have been remiss had it ignored the practical realities presented by Trujillo's immigration status and the obstacles that it would have

- 10 -

presented to Trujillo's ability to comply with the imposed conditions of probation.

(Citations omitted.) *Trujillo*, 304 Ga.App. at 853-854. The court of appeals also noted that courts in California, Colorado, the District of Columbia, Indiana, Maine, and Oregon have all considered immigration status to be a proper and relevant sentencing factor. *Id.*

{¶ 27} Appellant also argues his prison sentence is contrary to law because the trial court failed to consider the applicable sentencing guidelines because of his immigration status. Specifically, appellant argues that (1) he was eligible for community control because the trial court could have imposed community control sanctions if it found that the presumption for a prison term was rebutted upon making the findings required by R.C. 2929.13(D)(2); and (2) the trial court was therefore required but failed to determine "the appropriateness of imposing a financial sanction pursuant to [R.C.] 2929.18 or a sanction of community service pursuant to [R.C.] 2929.17 as the sole sanction for the offense." *See* R.C. 2929.13(A).

{¶ 28} This argument has no merit because it is based upon the flawed premise that appellant was eligible for community control. That community control could have been imposed if the trial court found the presumption of a prison term was rebutted does not make appellant eligible for community control. It is only after a trial court finds that the presumption for a prison term is rebutted that a defendant becomes eligible for consideration of a community control sanction. The trial court's remarks at the sentencing hearing and its statement in the sentencing entry that appellant was not amenable to community control pursuant to R.C. 2929.13 make clear that the trial court did not find that the presumption for a prison term was rebutted.

**V. Conclusion.**

{¶ 29} For the reasons stated in this opinion, we find that appellant's sentence is not

clearly and convincingly contrary to law because the trial court properly considered the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, imposed the required mandatory three-year postrelease control term, and sentenced appellant within the permissible statutory range for a second-degree felony in accordance with R.C. 2929.14(A)(2).

{¶ 30} We further find that the record supports the trial court's sentencing decision. Although appellant apologized and expressed remorse for his actions, the record supports the trial court's determination that sentencing appellant to a five-year prison term and not to a lesser prison term or community control was commensurate with the seriousness of appellant's conduct, necessary to punish appellant, and necessary to protect the public from future crime by appellant.

{¶ 31} Finally, we find that the trial court's consideration of appellant's immigration status did not violate appellant's right to equal protection and due process or R.C. 2929.11(C).

{¶ 32} Judgment affirmed.

RINGLAND and HENDRICKSON, JJ., concur.