[Cite as *State v. Taylor*, 2017-Ohio-1405.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2016-08-167 |
| | : | O P I N I O N |
| - vs - | | 4/17/2017 |
| | : | |
| CHRISTOPHER G. TAYLOR, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2016-05-0591

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Christopher P. Frederick, 300 High Street, Suite 550, Hamilton, Ohio 45011, for defendant-appellant

**HENDRICKSON, P.J.**

{¶ 1} Defendant-appellant, Christopher G. Taylor, appeals from the sentence he received in the Butler County Court of Common Pleas after he pled guilty to domestic violence. For the reasons set forth below, we affirm his sentence.

{¶ 2} On June 1, 2016, appellant was indicted on one count of abduction in violation of R.C. 2905.02(A)(2), a felony of the third degree, one count of domestic violence in

violation of R.C. 2919.25(A), a felony of the third degree, and one count of obstructing official business in violation of R.C. 2921.31(A), a misdemeanor of the second degree. The charges arose out of allegations that on April 27, 2016, appellant struck his wife and restrained her liberty in their familial home in Hamilton, Butler County, Ohio. When law enforcement arrived on the scene, appellant refused to comply with officers' orders to open the door to the home and to come out of the home's basement.

{¶ 3} On June 22, 2016, following plea negotiations, appellant entered a guilty plea to domestic violence in exchange for the dismissal of the remaining charges. In pleading guilty, appellant admitted to the following facts recited by the state:

> [PROSECUTOR]: [H]ad this matter proceeded to trial, [the] State was prepared to prove beyond a reasonable doubt that on or about April 27, 2016, this Defendant now before the Court, Christopher Taylor, at * * * Hudson Avenue, City of Hamilton, Butler County, Ohio, he did knowingly cause harm to a family or household member. When the offender had previously pled guilty, he'd been convicted of two or more offenses of domestic violence, in that he did cause physical harm to [his wife] while having three prior convictions for domestic violence: 12CRB-2112 on June 15th, 2012; domestic violence on 10-CRB-2730 on July 20th, 2010; and domestic violence on 10-CRB-1625 also on July 12th, 2010. All of those convictions are out of the Hamilton Municipal Court. This act constitutes the offense of domestic violence, a third-degree felony, in violation of 2919.25(A) in the Ohio Revised Code.

The trial court accepted appellant's guilty plea, set the matter for sentencing, and ordered that a presentence investigation report ("PSI") be prepared.

{¶ 4} On July 27, 2016, appellant appeared before the trial court for sentencing. At this time, the court noted it had before it the PSI, an email prepared by appellant's stepmother, and documents indicating appellant had been "denied drug court" but had been accepted at a community corrections center ("CCC"). The court heard from defense counsel, appellant, and the victim. Defense counsel noted that while appellant had prior misdemeanor convictions for domestic violence, he had no prior felony convictions. Defense counsel spoke

of appellant's long-term substance abuse problems and asked the court to order treatment for those issues and to "impose the sentence of the CCC." Appellant apologized and expressed remorse for his actions. The victim acknowledged that appellant's actions were not "right by any means" but noted that she and appellant's children "need him" and they "suffer every day without their father." After considering the foregoing, the trial court sentenced appellant to 18 months in prison, with credit for 92 days already served.

{¶ 5} Appellant timely appealed from his sentence, raising the following as his sole assignment of error:

{¶ 6} THE TRIAL COURT ERRED TO THE PREJUDICE OF [APPELLANT] WHEN IT SENTENCED HIM TO A TERM OF EIGHTEEN-MONTHS IN THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS.

{¶ 7} In his sole assignment of error, appellant argues the trial court erred in imposing an 18-month prison term as the sentence "goes against the purposes and principles of felony sentencing." Appellant argues the court "failed to use the minimum sanctions" needed to punish him and contends that the court should have sentenced him to a community based correctional facility.

{¶ 8} We review the imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; *State v. Crawford,* 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *Marcum* at ¶ 10. Rather, R.C. 2953.08(G)(2) compels an appellate court to modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1. A sentence is not clearly and convincingly contrary to law where trial court "considers the principles and

- 3 -

purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers,* 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8; *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8.

{¶ 9} Moreover, even in those cases where the sentence imposed does not require any of the statutory findings specifically addressed within R.C. 2953.08(G)(2), an appellate court will nevertheless review those sentences "under a standard that is equally deferential to the sentencing court." *Marcum* at ¶ 23. "That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.* Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg,* 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1, citing *Marcum* at ¶ 7.

{¶ 10} Pursuant to R.C. 2929.13(C), "in determining whether to impose a prison term as a sanction for a felony of the third degree * * * the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code." The purposes of felony sentencing are to protect the public from future crime by the offender and to punish the offender. R.C. 2929.11(A). A felony sentence must be reasonably calculated to achieve the purposes set forth in R.C. 2929.11(A) "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). "When sentencing a defendant, a trial court is not required to consider each sentencing factor, 'but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's

sentencing structure.'" *State v. Stamper,* 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669, ¶ 11, quoting *State v. Oldiges,* 12th Dist. Clermont No. CA2011-10-073, 2012-Ohio-3535, ¶ 17. The factors set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly allows a trial court to consider any relevant factors in imposing a sentence. *Id. State v. Birt,* 12th Dist. Butler No. CA2012-02-031, 2013-Ohio-1379, ¶ 64.

{¶ 11} After a thorough review of the record, we find no error in the trial court's decision to sentence appellant to an 18-month prison term. The record plainly reveals that appellant's sentence is not clearly and convincingly contrary to law as the trial court properly considered the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, imposed the required mandatory three-year postrelease control term, and sentenced appellant within the permissible statutory range for a third-degree felony in accordance with R.C. 2929.14(A)(3)(b). "The fact that the trial court did not expressly cite to R.C. 2929.11 and 2929.12 during the sentencing hearing is immaterial, considering it specifically cited to both statutes within its sentencing entry." *Julious*, 2016-Ohio-4822 at ¶ 11. The court's sentencing entry provides as follows:

> The Court has considered the record, the charges, the defendant's Guilty Plea, and findings as set forth on the record and herein, oral statements, any victim impact statement and pre-sentence report, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors of Ohio Revised Code Section 2929.12 and whether or not community control is appropriate pursuant to Ohio Revised Code Section 2929.13, and finds that the defendant is not amenable to an available community control sanction.

{¶ 12} The record also supports the trial court's sentencing decision. Appellant became violent with his wife in the family home, when his children were present. Although appellant apologized and expressed remorse for his actions, the record demonstrates he poses a high risk of recidivism. Between January 9, 2010 and June 15, 2012, appellant was

convicted on three separate domestic violence charges. A fourth domestic violence charge was dismissed in August 2014. Appellant also has misdemeanor convictions for attempted breaking and entering and drug paraphernalia. Appellant acknowledged he has a drug addiction and admitted to using methamphetamine and Klonopins at the time he committed the present domestic violence offense. As the trial court noted, appellant "obviously has an anger issue, anger management issues, and couple that with a drug problem * * * [t]hat's a very dangerous combination." The fact that a community based correctional facility indicated a willingness to admit appellant into its program did not mean the trial court was obliged to impose such a sentence. Rather, the trial court was required to fashion a sentence that would both protect the public, including appellant's family members, from further crime by appellant and punish appellant for his criminal conduct. Under the circumstances presented in this case, the 18-month prison sentence was commensurate with the seriousness of appellant's conduct.

{¶ 13} We therefore conclude that appellant's 18-month prison sentence was not clearly and convincingly contrary to law and that such sentence is supported by the record. Appellant's sole assignment of error is without merit and is overruled.

{¶ 14} Judgment affirmed.

RINGLAND and M. POWELL, JJ., concur.