[Cite as *State v. Graft*, 2018-Ohio-2625.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NOS. CA2017-08-122<br>CA2017-08-123 |
| | : | |
| - vs - | | O P I N I O N |
| | : | 7/2/2018 |
| JOSHUA GRAFT, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2016-11-1623


Michael T. Gmoser, Butler County Prosecutor, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, OH 45011, for plaintiff-appellee

Charles M. Conliff, 5145 Pleasant Avenue - Suite 18, P. O. Box 18424, Fairfield, OH 45018-0424, for defendant-appellant


**S. POWELL, P.J.**

{¶ 1} Defendant-appellant, Joshua Graft, appeals from the decision of the Butler County Court of Common Pleas sentencing him to serve a total of 36 months in prison after he pled guilty to two counts of nonsupport of dependents, both fourth-degree felonies. For the reasons outlined below, we affirm.

{¶ 2} On November 9 and December 7, 2016, the Butler County Grand Jury

returned two indictments charging Graft with a total of four counts of nonsupport of dependents, all fourth-degree felonies, after it was alleged Graft had accumulated child support arrears totaling more than $50,000. After entering a not guilty plea, it is undisputed Graft failed to appear before the trial court on two separate occasions, each time resulting in a capias being issued for his arrest. It is also undisputed that Graft had previously been convicted of nonsupport of dependents in both 2011 and 2012. As a result of his previous convictions, Graft was placed on community control, which he twice violated, ultimately resulting in him serving one year in prison.

{¶ 3} On July 13, 2017, Graft plead guilty to two fourth-degree felony counts of nonsupport of dependents in exchange for the other two counts being dismissed. After conducting the necessary Crim.R. 11 plea colloquy, the trial court accepted Graft's guilty plea. Approximately one month later, the trial court held a sentencing hearing, wherein the trial court specifically stated that it had "considered the purposes and principles of sentencing" and "the weight of the recidivism and the seriousness factors." The trial court also noted that it had reviewed Graft's presentence investigation report and noted "a lot of supervision history," including the above noted community control violations and resulting one-year prison term. Specifically, as the trial court stated, "[a]nd those cases track together and you see where [Graft] made zero progress." The trial court then stated:

> So all that is a long, roundabout way of saying having considered the purposes and principles of sentencing and having weighed the recidivism and the seriousness factors, [Graft] is not amenable to available community control sanctions.

{¶ 4} Over Graft's objection, the trial court then sentenced Graft to serve a total of 36 months in prison, the maximum prison term allowed by law when sentencing on two

fourth-degree felonies.[1]  The trial court also notified Graft that he would be subject to an optional three-year postrelease control term.  The trial court then stated:

> It's very seldom the Court would do something like this, but Mr. Graft is – it looks like he's done his best over the course of close to a decade or more of just absolutely thumbing his nose to any rules or requirements or laws of our community of his obligation to support the children he's brought into this world to the justice – well I guess I should say in the court system.  Failing to show up to make his court appearances.  As far as this court is concerned there is nothing left for Mr. Graft.  He can't respect the law and the rules of society and the community then he needs to be housed in prison for as long as this Court can house him in prison.

{¶ 5}  On August 25, 2017, the trial court issued two judgment of conviction entries resulting from Graft's convictions, both of which specifically stated that the trial court had considered the principles and purposes of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors of R.C. 2929.12 prior to issuing its sentencing decision.  Graft now appeals from the trial court's decision sentencing him to serve a total of 36 months in prison, raising the following single assignment of error for review.

{¶ 6}  THE TRIAL COURT ERRED TO THE APPELLANT'S PREJUDICE BY IMPOSING A PRISON SENTENCE.

{¶ 7}  In his single assignment of error, Graft argues the trial court erred by sentencing him to serve a 36-month prison term, the maximum sentence permitted by law when sentencing on two fourth-degree felonies, rather than sentencing him to community control.  We disagree.

{¶ 8}  As with all felony sentences, we review the trial court's sentencing decision under the standard of review set forth in R.C. 2953.08(G)(2).  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.  Pursuant to that statute, this court may modify or vacate

---

1. Pursuant to R.C. 2929.14(A)(4), a fourth-degree felony carries a maximum 18-month prison term.

the trial court's sentencing decision only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. This court may therefore "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1, citing *Marcum* at ¶ 7.

{¶ 9} After a full and thorough review of the record, we find no error in the trial court's sentencing decision for the record firmly establishes Graft's 36-month prison sentence is not contrary to law or unsupported by the record. As noted above, prior to the charges levied in this case, Graft had been convicted of nonsupport of dependents in both 2011 and 2012. As a result of these convictions, Graft was placed on community control, which he twice violated, ultimately resulting in him serving one year in prison. Thereafter, while the charges in this case were pending, Graft failed to appear before the trial court on two separate occasions, each time resulting in a capias being issued for his arrest. As the trial court stated, and we agree, Graft has "done his best over the course of close to a decade or more of just absolutely thumbing his nose to any rules or requirements or laws of our community of his obligation to support the children he's brought into this world[.]" We also agree with the trial court's finding "[Graft] can't respect the law and the rules of society and the community then he needs to be housed in prison for as long as this Court can house

- 4 -

him in prison."

{¶ 10} Graft nevertheless argues the record does not support the trial court's sentencing decision because the record contains "no facts" indicating the trial court considered the costs of sending him to prison in comparison with the costs associated with a Community Based Correctional Facility, nor "any statistics" showing the rate of recidivism for those offenders who are sentenced to prison as opposed to some alternative program such as the Community Correction Center or the Substance Abuse Mental Illness court program. Therefore, according to Graft, this matter must be reversed and remanded to the trial court for it to consider the purposes and principles of sentencing, "and the financial burden created by the sanctions imposed by the trial court."

{¶ 11} However, while it may be true the record does not contain reference to any such facts and statistics, it is well-established that the trial court was not required to make any specific findings to support its decision to sentence Graft to a total of 36 months in prison, the maximum sentence permitted by law when sentencing on two fourth-degree felonies. *State v. Moore*, 12th Dist. Warren No. CA2017-07-110, 2018-Ohio-1778, ¶ 34 (a trial court is not required to make any specific findings to support its imposition of the maximum prison sentence). Moreover, when issuing its sentencing decision, "a trial court is not required to consider each sentencing factor, but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." *Id.* at ¶ 35, citing *State v. Littleton*, 12th Dist. Butler No. CA2016-03-060, 2016-Ohio-7544, ¶ 12. That is exactly what the trial court did here. "The fact that the trial court did not expressly cite to R.C. 2929.11 and 2929.12 during the sentencing hearing is immaterial, considering it specifically cited to both statutes within its sentencing entry." *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 11. It is therefore

apparent the trial court properly considered the necessary sentencing statutes.

{¶ 12} In light of the foregoing, because the trial court's decision to sentence Graft to serve a total of 36 months in prison, the maximum sentence permitted by law when sentencing on two fourth-degree felonies, is not contrary to law or unsupported by the record, Graft's single assignment of error lacks merit and is overruled.

{¶ 13} Judgment affirmed.

RINGLAND and PIPER, JJ., concur.