[Cite as *State v. Smith*, 2018-Ohio-5294.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-05-095 |
| | : | O P I N I O N |
| - vs - | | 12/28/2018 |
| | : | |
| JOSHUA R. SMITH, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2018-01-0098


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, OH 45011, for appellee

Law Office of Christopher P. Frederick, Christopher P. Frederick, 300 High Street, Suite 550, Hamilton, OH 45011, for appellant


**S. POWELL, P.J.**

{¶ 1} Appellant, Joshua R. Smith, appeals from the 18-month prison sentence he received in the Butler County Court of Common Pleas after he pled guilty to one third-degree felony count of violating a protection order. For the reasons outlined below, we affirm the trial court's sentencing decision.

{¶ 2} On February 14, 2018, the Butler County Grand Jury returned a six-count

indictment charging Smith with two third-degree felony counts of violating a protection order, two fourth-degree felony counts of trespass in a habitation, and two fifth-degree felony counts of violating a protection order. According to the bill of particulars, the charges arose after it was alleged Smith twice violated a protection order while trespassing into his mother's home. It is undisputed that Smith's mother was the petitioner on the protection order that Smith was alleged to have twice violated.

{¶ 3} On March 29, 2018, Smith pled guilty to one third-degree felony count of violating a protection order in exchange for the remaining five counts being dismissed. The trial court thereafter sentenced Smith to serve an 18-month prison term. In reaching this decision, the trial court initially noted that factually "it looks like a son who's threatened his mother with harm or harmed her. She got a restraining order, and then he came back twice. On its face, that would suggest prison." The trial court then stated, in pertinent part, the following:

> The Court has considered the purposes and principles of sentencing, the weight of recidivism and the seriousness factors. All right. I, based on what I've heard, I find it unbelievable that your mother got a restraining order against you, but she did. And it was a court order. And you violated it once, and you got arrested. And then you violated it a second time and got arrested a second time.
>
> The Court is going to find that you have absolutely no respect for the law or the rules, that you're not amenable to available community-control sanctions. Therefore, in connection with your conviction on Count I, violating a protection order, a felony of the third degree, the Court sentences you, this time, to 18 months in prison.

Concluding, the trial court advised Smith "not return to your mother's residence." The trial court also advised Smith that "I would not have any more contact with her until there is no longer a restraining order in place. You need to follow the law."

{¶ 4} Smith now appeals from the trial court's decision sentencing him to serve an

18-month prison term, raising the following single assignment of error for review.

{¶ 5} THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. SMITH WHEN IT SENTENCED HIM TO A TERM OF EIGHTEEN MONTHS IN THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS.

{¶ 6} In his single assignment of error, Smith argues the trial court erred by sentencing him to serve an 18-month prison term. We disagree.

{¶ 7} As with all felony sentences, we review the trial court's sentencing decision under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to R.C. 2953.08(G)(2), this court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1, citing *Marcum* at ¶ 7.

{¶ 8} As noted above, Smith argues the trial court erred by sentencing him to serve an 18-month prison term. In support, Smith initially argues the record does not support the trial court's sentencing decision. However, after a full and thorough review of the record, we agree with the trial court's sentencing decision upon finding Smith had "absolutely no respect for the law or the rules." This is clear from the record when considering Smith twice

violated a protection order by trespassing into his mother's home that ultimately resulted in his arrest and conviction in this case.

{¶ 9} The trial court's sentencing decision was further supported by Smith's lengthy criminal history. This includes his convictions for, among other things, domestic violence, reckless operation, possession of drug paraphernalia, attempted drug abuse, and aggravated menacing. The record indicates Smith was also convicted of twice violating a different protection order not subject of this appeal. Smith's claim the record does not support the trial court's sentencing decision lacks merit.

{¶ 10} Smith also argues the trial court's decision to sentence him to serve 18-months in prison was overly harsh. Smith instead claims the purposes and principles of felony sentencing could have been achieved by sentencing him to a community based correctional facility. Yet, after considering record, the charges, and the presentence investigation report, the trial court disagreed with Smith's claim that merely sentencing him to a community based correctional facility was appropriate in this case. This is because, as the trial court stated, "it looks like a son who's threatened his mother with harm or harmed her. She got a restraining order, and then he came back twice. On its face, that would suggest prison." We find no error in the trial court's decision.

{¶ 11} Smith finally argues the trial court's decision to sentence him to serve 18-months in prison was not commensurate with the seriousness of his conduct. The record indicates Smith's conduct leading to his conviction may not have been the most serious nature of the offense. The trial court, however, took this into consideration in issuing its sentencing decision. As the record indicates, the trial court sentenced Smith to serve just 18-months in prison. This is half the maximum possible 36-month prison term the trial court could have been imposed for a third-degree felony. *See* R.C. 2929.14(A)(3)(b) ("[f]or a felony of the third degree that is not an offense for which division (A)(3)(a) of this section

applies, the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months"). This was the trial court's decision to make after considering the necessary sentencing statutes, the record, the charges, and the presentence investigation report. That is exactly what the trial court did here. Therefore, finding no merit to Smith's arguments challenging the trial court's sentencing decision raised herein, Smith's single assignment of error is overruled.

{¶ 12} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.